## Starr, to use, v. Conestoga Traction Company.

*Collision between truck and trolley car—Negligence—Damages—Measure of—Evidence—Sufficiency of.*

1. Where, in an action to recover damages for injuries to the plaintiff's truck caused by the negligence of the defendant, the testimony shows such negligence, and that the truck was in first-class condition and in good running order immediately before the accident and that it was in good condition and running order a week prior to the accident, and that it was run into by a car of the defendant company, and that after the accident it required the repairs that were made on it, which were properly made and properly charged for, the evidence is sufficient to justify the finding of the jury that the injuries were due to the accident, and their verdict for the plaintiff should stand.

2. The proper measure of damages in such case is the cost of putting the motor-truck in the same condition that it was in before the accident.

Rule for new trial. C. P. Lancaster Co., Oct. T., 1923, No. 37.

*George T. Hambright* and *John E. Malone*, for defendant and rule.
*Oliver S. Schaeffer* and *Charles G. Baker*, contra.

HASSLER, J., July 2, 1927.—At the trial it was shown that the plaintiff was the owner of a motor-truck which, on May 9, 1923, collided with one of the defendant company's cars and was damaged. It was towed to the garage of the Queen Motor Company after the accident, where it was repaired. The jury found that the damage to the truck was caused by the negligence of one of the defendant company's employees in the operation of one of its cars, and

Starr, to use, *v.* Conestoga Traction Company.

found a verdict against it for $416.18. We are now asked to grant a new trial for two reasons: (1) Because there was no testimony that showed that the repairs made were necessary because of the accident; and (2) because we erred in permitting the jury to find that the price of a new chassis was an item of damages for which the plaintiff could recover.

It is well settled that, before a plaintiff can recover damages for injuries to an automobile caused by a defendant's negligence, he must show that the injury was actually caused by the defendant's negligence and that the repairs were necessary because of it: McLaughlin Bros. *v.* Baker Co. (No. 2), 39 Lanc. Law Rev. 393; Campbell *v.* Frey, 40 Lanc. Law Rev. 70; 8 D. & C. 593; Haughey *v.* Clush, 40 Lanc. Law Rev. 555.

We think the testimony in this case shows that the injuries were actually caused by the defendant's negligence and that the repairs were necessary because of the accident. A number of witnesses testified that plaintiff's employee was operating the truck in question at the corner of Christian and Walnut Streets when the collision with defendant's car occurred. Roy Wireback, the operator of the truck, testified (page 9) that before the accident it was in first-class mechanical condition and good running order. John Odenwald testified (page 18) that the trolley car ran into the motor-truck and mashed it up. Blance E. Oliver, an employee of the Queen Motor Company, testified that he saw the truck a week before the accident and also immediately after it, it having been towed to the garage of his employer. When he saw it a week before the accident, he said, it was in good condition and running order. Immediately after the accident, he examined it and found that the motor was broken, the headlights, radiator and fenders were damaged, the front axle was bent, the windshield was broken, and there were other minor injuries. He superintended the making of the repairs, and testified that they were necessary and, also, what the proper cost of the material and labor furnished in making them was. It is true he did not examine it in detail when he saw it a week before the accident to see if it was in sound condition, but such examination was not necessary. If it was, it would be rarely that recovery could be had for injuries occasioned by collisions, for such careful examinations of automobiles or motor-trucks, to say the least, are unusual. This testimony, in our opinion, was sufficient to justify the jury in its finding that the injuries were due to the accident. It shows that the truck was in first-class condition and in good running order immediately before the accident and that it was in good condition and running order a week prior to the accident, that it was run into by a car of the defendant company, and that after the accident it required the repairs that were made upon it.

The proper measure of damages is the cost of putting the motor-truck in the same condition that it was in before the accident. Blance E. Oliver, who superintended or made the repairs necessary because of the accident, says it was cheaper to put a new chassis in the truck and deduct the junk value of the old one from the price of the new one. He testified that the repairs made were necessary to put it in its former condition, and that the charges for both the material and labor furnished are proper. If it could have been repaired so as to put it in its former condition in another way, or if unnecessary repairs were made, or if the price charged for the labor and material was not the usual and proper charge for such services, the defendant should have offered testimony to show it, but he did not do so. The testimony as to the damages and their cost, in our opinion, was proper and sufficient and fully justified the verdict. The rule for a new trial is, therefore, discharged.

From George Ross Eshleman, Lancaster, Pa.